DAVID B. SHANIES LAW OFFICE
411 Lafayette Street, Sixth Floor
New York, New York 10003
(212) 951-1710 (*Tel*)
(212) 951-1350 (*Fax*)
david@shanieslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD KETCHAM,<br><br>                    Plaintiff,<br><br>    ― against ―<br><br>THE CITY OF MOUNT VERNON and JOHN DOES NUMBERED 1 AND 2,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Ronald Ketcham files this Complaint against the above-captioned Defendants and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action under 42 U.S.C. § 1983 and New York State Law, based on his unjustified detention and unprovoked assault by two Mount Vernon police officers.

2. On March 28, 2017, at around 4:00 in the afternoon, Plaintiff was walking to a local market around the corner from his house in New Rochelle, New York, to run an errand.

3. Plaintiff, a 69 year-old retired federal law enforcement officer who was literally walking down the street, minding his own business, had no reason to suspect that a violent encounter with two Mount Vernon police officers was about to occur.

1

4. Defendants John Does Numbered 1 and 2 (the "Mount Vernon Police Officers") approached Plaintiff from behind and violently threw him against a chain link fence.

5. The Mount Vernon Police Officers never identified themselves as law enforcement officers. They wore no uniforms and displayed no badges.

6. Plaintiff initially believed that he was being kidnapped, robbed, or assaulted.

7. The Mount Vernon Police Officers told Plaintiff they were taking him "in."

8. Despite not resisting or challenging the Mount Vernon Police Officers in any way, Plaintiff sustained cuts and abrasions from their assaultive conduct.

9. The Mount Vernon Police Officers handcuffed Plaintiff and shoved him into the back of their unmarked vehicle, bashing his head against the doorframe in the process.

10. Plaintiff informed the Mount Vernon Police Officers that the handcuffs were too tight and were injuring his wrists, but the Mount Vernon Police Officers ignored him.

11. After leaving Plaintiff handcuffed and injured in the back of their car for a period of time, the Mount Vernon Police Officers removed the handcuffs and let Plaintiff out of the car.

12. Plaintiff asked the Mount Vernon Police Officers for some identification. The Mount Vernon Police Officers scoffed at the request, and drove away.

13. That was not before Plaintiff observed and memorized the license plate of the Mount Vernon Police Officers' car.

14. Plaintiff called the New Rochelle Police Department and reported the events of that afternoon.

15. The New Rochelle Police Department informed Plaintiff that the vehicle was registered to the Mount Vernon Police Department.

16. As a result of the Mount Vernon Police Officers' conduct, Plaintiff was deprived of his liberty without justification and sustained injuries to his wrists, knees, and head.

17. The Mount Vernon Police Officers had no probable cause or other legal basis to arrest or detain Plaintiff.

18. The Mount Vernon Police Officers' actions were wanton, malicious, and done with deliberate indifference to Plaintiff's safety and constitutional rights.

**JURISDICTION AND VENUE**

19. This action arises under 42 U.S.C. §§ 1983 and 1988, and under the laws of the State of New York.

20. Jurisdiction lies in this Court under its federal question, civil rights, and supplemental jurisdiction, 28 U.S.C. §§ 1331, 1343, and 1367.

21. Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff's claims arose in the Southern District of New York.

22.     Plaintiff has complied with the requirements of New York General Municipal Law ("GML") § 50-i by serving a notice of claim on the City of Mount Vernon in April 2017.

## PARTIES

23.     Plaintiff Ronald Ketcham is an individual residing in New Rochelle, New York.

24.     Defendant City of Mount Vernon is a municipality and a political subdivision of the State of New York, existing by virtue of the laws of the State of New York.  Defendant City of Mount Vernon is and was at all relevant times responsible for the policies, customs, and practices of the Mount Vernon Police Department and vicariously liable under state law for the tortious acts and omissions of employees of the Mount Vernon Police Department committed within the course of their employment.

25.     Defendants John Does Numbered 1-2, whose names are currently unknown to Plaintiff, are police officers employed by the Mount Vernon Police Department, who were driving a Mount Vernon Police Department vehicle bearing New York license plate number GPS 8451 on March 28, 2017 at approximately 4:00 p.m.  At all relevant times, Defendants John Does Numbered 1-2 were on duty as officers of the Mount Vernon Police Department, acting within the course of their employment and under color of State law.

26.     John Doe 1 was the front-seat passenger in the car.

27.     John Doe 2 was the driver of the car.

**GENERAL ALLEGATIONS**

28. On March 28, 2017, at around 4:00 p.m., Plaintiff was walking on Main Street, near Woodland Avenue, in New Rochelle, New York.

29. The Mount Vernon Police Officers pulled up next to Plaintiff and screeched to a halt.

30. John Doe 1 exited from the passenger side of the vehicle and grabbed Plaintiff, asking, "Who are you?"

31. Plaintiff responded, "Who are you?"

32. Without identifying himself as a police officer, John Doe 1 grabbed Plaintiff's wrist and twisted his arm in a painful manner. John Doe 1 then threw Plaintiff against a chain link fence, causing abrasions and substantial pain to Plaintiff's knees.

33. Plaintiff has two surgically repaired knees that are fragile and vulnerable to injury.

34. Although Plaintiff offered no resistance, John Doe 1 called Plaintiff a "wiseass" and threatened to push him down on his knees.

35. Plaintiff, still unaware of who was accosting him, pleaded with passersby to call the police.

36. Even then, the Mount Vernon Police Officers failed to identify themselves as law enforcement officers.

37. John Doe 1 handcuffed Plaintiff behind his back and told Plaintiff he was taking him "in."

38. John Doe 1 applied the handcuffs extremely tightly, causing cuts and substantial pain to Plaintiff's wrists.

39. Plaintiff asked John Doe 1 why he was doing this, and repeatedly requested a uniformed officer. John Doe 1 ignored this.

40. John Doe 1 pushed Plaintiff's head into the car's doorframe and then forced Plaintiff's body into the car.

41. There was no partition in the car and it was not marked as a police vehicle.

42. The Mount Vernon Police Officers then re-entered the car and sat in the front seats.

43. Plaintiff informed the Mount Vernon Police Officers that the handcuffs were too tight and were injuring his wrists.

44. The Mount Vernon Police Officers ignored Plaintiff.

45. The Mount Vernon Police Officers left Plaintiff handcuffed in the back of their car for a period of time.

46. Later, John Doe 1 requested Plaintiff's identification.

47. Plaintiff reminded John Doe 1 that he had cuffed his hands behind his back.

48. John Doe 1 exited the car, opened the rear door, removed Plaintiff's wallet from his back pocket, and searched through the wallet.

49. Moments later, John Doe 1 told John Doe 2 to give him a handcuff key.

50. John Doe 2 gave John Doe 1 a handcuff key, and John Doe 1 removed the handcuffs from Plaintiff's wrists.

51. The Mount Vernon Police Officers then let Plaintiff out of the car.

52. Plaintiff asked the Mount Vernon Police Officers for identification.

53. John Doe 1 snickered, but neither of the Mount Vernon Police Officers otherwise responded to Plaintiff's request.

54. John Doe 2 then drove away.

55. Throughout the encounter, John Doe 2 was within a few feet of John Doe 1 and close enough to intervene in John Doe 1's unlawful arrest of and use of excessive force against Plaintiff. John Doe 2 made no effort to prevent, mitigate, or stop John Doe 1's conduct toward Plaintiff.

56. As the Mount Vernon Police Officers drove away, Plaintiff memorized their license plate number: New York plate number GPS 8451.

57. Plaintiff promptly got a pen and paper and wrote down the license plate number.

58. Plaintiff called the New Rochelle Police Department and reported the incident.

59. The New Rochelle Police Department informed Plaintiff that the license plate was registered to the Mount Vernon Police Department.

60. The Mount Vernon Police Officers' acts and omissions directly and proximately caused Plaintiff to suffer physical injuries, including abrasions, swelling, and physical pain.

61. The Mount Vernon Police Officers' acts and omissions directly and proximately caused Plaintiff to suffer mental and psychological distress, including anxiety and stress.

FIRST CAUSE OF ACTION

<u>42 U.S.C. § 1983, Fourth and Fourteenth Amendments to the United States Constitution</u>

Excessive Force

*Against Defendants John Does Numbered 1-2*

62. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

63. Defendants John Does Numbered 1-2 were at all relevant times on-duty police officers charged with upholding the law and protecting public safety.

64. Defendants John Does Numbered 1-2, individually and in concert, and acting under color of state law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the use of excessive force, by using greater force than that which a reasonable officer would have used under the circumstances, without any privilege, including by slamming Plaintiff into a fence, forcibly pushing Plaintiff's head into the side of a car, applying handcuffs to Plaintiff's wrists excessively tightly and in a manner likely to cause injury, and ignoring Plaintiff's pleas to remedy the damage being caused by the excessively tight handcuffs.

65. Defendants John Does Numbered 1-2, at all relevant times, knew of, recklessly disregarded, and/or were deliberately indifferent to the fact that the force used on Plaintiff was excessive and violated Plaintiff's constitutional rights.

66. Defendant John Doe 1 slammed Plaintiff into a fence, forcibly pushed Plaintiff's head into the side of a car, applied handcuffs to Plaintiff's wrists excessively tightly and in a manner likely to cause injury, and ignored Plaintiff's pleas to remedy the damage being caused by the excessively tight handcuffs.

67. Defendant John Doe 2 knew of, assisted, failed to intervene to prevent, was deliberately indifferent to, and in all respects acquiesced to John Doe 1's actions described herein. Defendant John Doe 2 likewise ignored Plaintiff's pleas to remedy the damage being caused by the excessively tight handcuffs.

68. Defendant John Doe 2 disregarded his legal duty to intervene to prevent, mitigate, and/or cease Defendant John Doe 1's use of excessive force on Plaintiff.

69. Defendants deprived Plaintiff of his rights intentionally, knowingly, willfully, and/or recklessly.

70. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged herein.

SECOND CAUSE OF ACTION

42 U.S.C. § 1983, Fourth and Fourteenth Amendments to the United States Constitution

Unlawful Seizure and Arrest

*Against Defendants John Does Numbered 1-2*

71. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

72. Defendants John Does Numbered 1-2 were at all relevant times on-duty police officers charged with upholding the law and protecting public safety.

73. Defendants John Does Numbered 1-2, individually and in concert, and acting under color of state law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure, and to his liberty, by arresting, confining, causing the confinement, and/or continuing the confinement of Plaintiff without any privilege.

74. Defendants John Does Numbered 1-2, at all relevant times, knew of, recklessly disregarded, and/or were deliberately indifferent to the absence of probable cause for their arrest and detention of Plaintiff.

75. Defendant John Doe 1 performed the actions required to arrest, detain, and deprive Plaintiff of his liberty.

76. Defendant John Doe 2 knew of, assisted, failed to intervene to prevent, was deliberately indifferent to, and in all respects acquiesced to John Doe 1's actions described herein.

77. Defendant John Doe 2 disregarded his legal duty to intervene to prevent, mitigate, and/or cease Defendant John Doe 1's unlawful arrest and detention of Plaintiff.

78. Plaintiff was conscious of his confinement and did not consent to it.

79. Defendants deprived Plaintiff of his rights intentionally, knowingly, willfully, and/or recklessly.

80. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged herein.

THIRD CAUSE OF ACTION

Battery (Under New York State Law)

*Against Defendants John Doe 1 and City of Mount Vernon*

81. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

82. Defendant John Doe 1 intentionally caused injury to Plaintiff as a result of his intended physical contact with Plaintiff.

83. Defendant John Doe 1's intentional physical contact with Plaintiff was offensive and wrongful under the circumstances.

84. Plaintiff did not consent to Defendant John Doe 1's conduct.

85. Defendant John Doe 1's offensive physical conduct toward Plaintiff was performed intentionally, recklessly, and/or with deliberate indifference to Plaintiff's rights and physical safety.

86. Defendant John Doe 1's offensive physical conduct toward Plaintiff directly and proximately caused injuries to Plaintiff as set forth above.

87. Defendant City of Mount Vernon is liable for the tortious acts and omissions of John Doe 1 under the doctrine of *respondeat superior*.

FOURTH CAUSE OF ACTION

Assault (Under New York State Law)

*Against Defendants John Doe 1 and City of Mount Vernon*

88. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

89. Defendant John Doe 1, by his conduct and words, intentionally placed Plaintiff in fear of imminent harmful or offensive physical contact.

90. Plaintiff did not consent to Defendant John Doe 1's conduct.

91. Defendant John Doe 1's conduct and words, which placed Plaintiff in fear of imminent harmful or offensive physical contact, was performed intentionally, recklessly, and/or with deliberate indifference to Plaintiff's rights and physical safety.

92. Defendant John Doe 1's offensive physical conduct toward Plaintiff directly and proximately caused trauma and emotional distress to Plaintiff.

93. Defendant City of Mount Vernon is liable for the tortious acts and omissions of John Doe 1 under the doctrine of *respondeat superior*.

FIFTH CAUSE OF ACTION

Unlawful Imprisonment (Under New York State Law)

*Against All Defendants*

94. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

95. Defendants John Does Numbered 1-2, individually and in concert, arrested, confined, caused the confinement, and/or continued the confinement of Plaintiff without any privilege.

96. Plaintiff was conscious of his confinement and did not consent to it.

97. Defendant City of Mount Vernon is liable for the tortious acts and omissions of John Doe 1 under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff Ronald Ketcham demands judgment against the above-captioned Defendants as follows:

a. For compensatory damages in an amount to be determined at trial;

b. For punitive damages against the individual defendants in an amount to be determined at trial;

c. For reasonable attorneys' fees, costs, and disbursements, under 42 U.S.C. §1988 and other applicable laws;

d. For pre- and post-judgment interest as allowed by law; and

e. For such other relief as this Court deems just and proper.

Dated: September 19, 2017
New York, New York

DAVID B. SHANIES LAW OFFICE

By: *David W. Shanies*
David B. Shanies
411 Lafayette Street, Sixth Floor
New York, New York 10003
(212) 951-1710 (Tel)
(212) 951-1350 (Fax)
david@shanieslaw.com

*Counsel for Plaintiff Ronald Ketcham*